# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| SYMMANTHA LYNN FRENCH, | |
| Plaintiff, | No. C12-3086-MWB |
| vs. | **ORDER** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

This case is before me on a motion (Doc. No. 7) filed by defendant, the Commissioner of Social Security (the Commissioner), to remand this case pursuant to 42 U.S.C. § 405(g). The Commissioner states:

> The Appeals Council has notified undersigned counsel for the Commissioner that the claim file(s) of the relevant Administrative Law Judge (ALJ) decision cannot currently be located. The Commissioner thus respectfully requests the Court remand to the Appeals Council under sentence six of 42 U.S.C. § 405(g) for reconstruction of the record. Upon receipt of the court order remanding the case, the Appeals Council will remand the case to an ALJ for reconstruction of the administrative record, holding of a de novo hearing, and issuance of a new decision.

Doc. No. 7-1 at 2. The Commissioner further states that his counsel has conferred with plaintiff's counsel and that plaintiff's counsel does not resist. Doc. No. 7 at 1.

Sentence six of section 405(g) states, in relevant part:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security . . . and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with

the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

*See* 42 U.S.C. § 405(g). The Commissioner has not yet filed an answer. As such, and based on the circumstances he has described, I find that remand is appropriate. *See also Shalala v. Schaefer,* 509 U.S. 292, 297 n.2 (1993).

Based on the foregoing, the Commissioner's motion for remand (Doc. No. 7) is **granted**, and this case is **remanded** to the defendant for further proceedings. "The court will retain jurisdiction and reserve final judgment until the parties have complied with the statutory post-remand requirements of 42 U.S.C. § 405(g)." *Hanson v. Chater*, 895 F. Supp. 1279, 1288 (N.D. Iowa 1995).

**IT IS SO ORDERED.**
**DATED** this 17th day of January, 2013.

_____
LEONARD T. STRAND
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT